**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Saundra L. Cunningham, ) | No. CV 12-00313-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| State of Arizona, et al., ) |  |
| Defendants. ) |  |

The court has before it defendants' motion to exclude testimony of Richard Payne (doc. 38), plaintiff's response (doc. 48), defendants' reply (doc. 49), defendants' motion to exclude testimony of Henry Dlugacz (doc. 39), plaintiff's response (doc. 46), defendants' reply (doc. 51), defendants' motion to exclude testimony of Raymond Patterson (doc. 40), plaintiff's response (doc. 47), and defendant's reply (doc. 50).[1]

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County on September 29, 2011, alleging that her son, Duron Cunningham, committed suicide while incarcerated in the Arizona State Prison in Florence because defendants acted negligently and with deliberate indifference. Defendants timely removed the action to this court. Our Rule

---

[1] Defendants' motions and replies, and plaintiff's responses exceed this court's two-page limit on discovery motions, responses and replies.

1  16 Scheduling Order set plaintiff's expert disclosure deadline as November 2, 2012,
2  defendants' expert disclosure deadline as December 7, 2012, and the rebuttal expert deadline
3  for both parties as January 11, 2013. See Doc. 9 at 2. The parties were required to finally
4  supplement all discovery related to the expert opinions on or before February 8, 2013. Id.
5  The final discovery deadline was April 26, 2013. Id. at 3. On October 17, 2012, the parties
6  jointly moved to extend the expert disclosure deadlines by 30 days because of a delay in
7  deposing witnesses (doc. 19). We denied that motion because the parties did not show any
8  diligence in obtaining the depositions during the six month period provided for in the Rule
9  16 Scheduling Order. On November 2, 2012, plaintiff disclosed Dr. Richard Payne
10 ("Payne") and Henry Dlugacz ("Dlugacz") as expert witnesses. Plaintiff disclosed Dr.
11 Raymond Patterson ("Patterson") as a rebuttal expert on January 11, 2013. Defendants move
12 to exclude the experts' testimony.

**I**

14 Defendants move to exclude the opinions Payne expressed in a letter dated April 22,
15 2013 because it was disclosed eleven days after the close of discovery. Plaintiff argues that
16 good cause exists to allow Payne's supplemental opinion into evidence because due to his
17 workload the letter was not ready for disclosure until after the discovery cut-off date. An
18 expert's workload is not good cause for delayed disclosure. However, defendants have not
19 claimed prejudice. Accordingly, we deny defendants' motion to exclude Payne's testimony
20 (doc. 38).

**II**

22 Next, defendants move to exclude Dlugacz's opinion that defendants were negligent
23 in their duty to protect Duron Cunningham ("Cunningham") from a foreseeable suicide.
24 Defendants argue that Dlugacz is not qualified to testify regarding the psychological and
25 psychiatric care delivered to Cunningham because he is not a psychologist, psychotherapist
26 or psychiatrist. In Arizona, the standard of care for medical personnel can be proven only
27 by expert witness testimony unless, "the negligence is so grossly apparent that a layman
28 could recognize it without difficulty." Coolidge v. U.S., 2000 WL 300940, 3 (9th Cir. 2000)

(citation omitted). To qualify an expert to express an opinion on what the standard of care is for the defendant medical personnel, plaintiff must show that the expert has "more than a casual familiarity with the specialty of the defendant physician." Gaston v. Hunter, 121 Ariz. 33, 53, 588 P.2d 326, 346 (Ct. App.1978). Here, plaintiff has not shown that Dlugacz qualifies to offer standard of care opinions with respect to the psychiatrists and psychologists' delivery of mental healthcare. Therefore, Dlugacz may not testify regarding the reasonableness of the psychiatric and psychological care or medication administered to Cunningham. Dlugacz may, however, testify about services provided to Cunningham by any social worker or other similarly qualified person.

Plaintiff asserts that Dlugacz's opinions concern whether the process, manner, and mental health services afforded to Cunningham were in compliance with national standards. Defendants argue that Dlugacz is not qualified to render such opinions because he has not reviewed the policies and procedures of the Arizona Department of Corrections. An expert is not permitted to give an opinion simply based on his "subjective belief or unsupported speculation." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 590, 113 S. Ct. 2786, 2795, 125 L.Ed.2d 469 (1993). Dlugacz may testify as to whether he believes defendants' actions were reasonable based on objective national standards for correctional mental health services, but any testimony that is based on nothing more than his personal views will be excluded.

### III

Defendants argue that Patterson's testimony should be excluded entirely because he is a case-in-chief expert who should have been disclosed by the initial expert disclosure deadline. Plaintiff counters that Patterson was retained to rebut defendants' expert's medical standard of care opinions, and therefore he was timely disclosed at the rebuttal expert deadline.

The issue is whether Patterson's report "is intended solely to contradict or rebut evidence on the same subject matter identified by [defendants' expert]." Fed. R. Civ. P. 26(a)(2)(D)(ii). Patterson's opinion is that defendants "acted negligently by failing to take

reasonable steps to provide the appropriate standard of care to protect Duron Cunningham from what appears to have been a foreseeable and preventable suicide." Doc. 40, Ex. 1. Although Patterson's opinion is contrary to the opinion offered by defendants' expert, his report does not directly address that opinion or indicate that he reviewed it in preparation for his report. We agree with defendants that Patterson's opinion merely echoes Dlugacz's opinion. It appears that plaintiff decided to offer Patterson as a rebuttal expert solely because, unlike Dlugacz, he is a licensed physician who specializes in psychiatry. Rebuttal designations and disclosures are not intended to provide a party with the opportunity to select an expert with more appealing qualifications, to present the same opinions provided by their initial experts. Because Patterson's report is not intended solely to contradict defendants' expert's opinion, it is not proper rebuttal, and was untimely disclosed. Accordingly, we grant defendants' motion to exclude Patterson's testimony.

## IV

**IT IS ORDERED DENYING** defendants' motion to exclude testimony of Richard Payne (doc. 38).

**IT IS FURTHER ORDERED GRANTING IN PART** defendants' motion to exclude testimony of Henry Dlugacz (doc. 39). Henry Dlugacz may not testify regarding the reasonableness of the psychiatric and psychological care or medication administered to Duron Cunningham. He may only testify about the services and delivery of correctional mental health provided by social workers or based on objective national standards.

**IT IS FURTHER ORDERED GRANTING** defendants' motion to exclude testimony of Raymond Patterson (doc. 40).

DATED this 1st day of July, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge