**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saundra L. Cunningham, ) ) Plaintiff, ) ) vs. ) ) State of Arizona, et al., ) ) Defendants. ) ) | No. CV-12-00313-PHX-FJM **ORDER** |

The court has before it defendants' motion for summary judgment (doc. 41) and supporting statement of facts (doc. 42), plaintiff's response (doc. 54) and supporting statement of facts (doc. 55), plaintiff's controverting statement of facts (doc. 56), defendants' reply (doc. 58), and defendants' reply to plaintiff's statement of facts (doc. 59).

**I**

On a motion for summary judgment we accept undisputed facts as true and review disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010). We may consider any fact asserted by one party that is not addressed by the opposing party as undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). Similarly, any disputed fact that a party does not support with admissible evidence is insufficient to defeat summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's natural adult son, Duron Cunningham ("Cunningham"), committed suicide while incarcerated by the Arizona Department of Corrections ("ADOC") at Florence Prison. According to the Correctional Service Log (the "Service Log"), Cunningham was found hanging from his cell door at 8:35 a.m. on September 30, 2010. Doc. 55, Ex. 2. Licensed practical nurse Tolentino ("Tolentino") arrived at Cunningham's cell at approximately 8:30 a.m. Id. She reported that she "saw multiple lacerations and puncture wounds on the inmate's forearms and dried clotted blood everywhere . . . the inmate was cyanotic, his limbs were stiff and rigid, and his pupils were fatigued and dilated, and his was skin as cold." Id. at Ex. 4. Based on Tolentino's observations, plaintiff's expert, Dr. Payne concluded that Cunningham was dead for at least six hours before he was found in his cell. Id. at Ex. 5. Yet, the Service Log stated that officers conducted security checks at 6:16 a.m. and 8:16 a.m. the same day. Id. at Ex. 2. During questioning, Officer Dionisio Gomez testified that he "jump[ed] the gun" in recording an 8:16 security check that never occurred. Id. at Ex. 3, p. 9. Corrections officers Jose Bravo and Larry Murphy claimed that they gave Cunningham a breakfast and lunch sack between 7:00 a.m. and 7:30 a.m. Id. at Ex. 3, p. 7. However, the Service Log indicates that the officers distributed the sack lunches at 7:36 a.m. Id. at Ex. 2.

On September 29, 2011, plaintiff filed this action in the Superior Court of Arizona in Maricopa County, alleging that defendants acted negligently and with deliberate indifference in failing to stop Cunningham from committing suicide while incarcerated in the Arizona State Prison in Florence. Plaintiff's amended complaint asserts one count pursuant to "42 U.S.C. § 1982 and the Eighth Amendment."[1] Defendants timely removed the action to this court. On June 19, 2013, we granted plaintiff's motion to withdraw her federal claim (doc. 53). The only claim remaining in this case is plaintiff's state law negligence claim. On August 1, 2013, we granted plaintiff's motion to dismiss defendants Carson McWilliams and Charles L. Ryan (doc. 61). The only remaining defendants in this case are the State of

---

[1] The court suspects that plaintiff intended to cite 42 U.S.C. § 1983. However, the amended complaint refers to 42 U.S.C. 1982, and was never corrected.

1 Arizona and ADOC. Defendants argue that they are entitled to summary judgment on the
2 negligence claim.

**II**

4 Summary judgment is appropriate if the evidence, viewed in the light most favorable 5 to the nonmoving party, shows "that there is no genuine issue as to any material fact and that 6 the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary 7 judgment is also appropriate against a party who "fails to make a showing sufficient to 8 establish the existence of an element essential to that party's case, and on which that party 9 will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 10 2548, 2552 (1986). The moving party has no burden to disprove matters on which it would 11 not carry the burden of proof at trial. "The moving party need only point out to the Court that 12 there is an absence of evidence to support the non-moving party's case." Sluimer v. Verity, 13 Inc., 606 F.3d 584, 586 (9th Cir. 2010). Thereafter, the burden shifts to the non-moving 14 party to designate specific facts showing that there is a genuine issue for trial. Celotex Corp., 15 477 U.S. at 324, 106 S. Ct. at 2553.

16 Plaintiff's complaint alleges that defendants breached their duty of care by negligently 17 failing to properly identify Cunningham's psychological and medical needs, treat, and 18 supervise him. Complaint at ¶ 15. To prove negligence under Arizona law, a plaintiff must 19 show (1) a duty that required defendant to conform to a particular standard of care, (2) 20 defendant's breach of that duty, (3) a "causal connection between" breach and injury, and (4) 21 actual damage. Gipson v. Kasey, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). Defendants 22 argue that plaintiff cannot support her negligence claim with respect to the delivery of mental 23 health services to Cunningham. We agree. In Arizona, a plaintiff must use expert medical 24 testimony to establish the relevant standard of care, except where "the negligence is so 25 grossly apparent that a layman could recognize it without difficulty." Peacock v. Samaritan 26 Health Service, 159 Ariz. 123, 126 (1988) (citation omitted). Here, plaintiff has not provided 27 expert medical testimony establishing the standard of care applicable to defendants' delivery 28 of mental health services to Cunningham. On July 2, 2013, this court determined that

1 plaintiff's expert, Mr. Dlugacz, is not qualified to testify regarding the reasonableness of the
2 psychiatric and psychological care or medication administered to Cunningham. See Doc. 57.
3 The court also excluded testimony from Dr. Patterson, a licensed physician specializing in
4 psychiatry. Id. Mr. Dlugacz may only testify about the services and delivery of correctional
5 mental health provided by social workers or based on objective national standards. Id.
6 Defendants argue that Mr. Dlugacz has failed to identify any specific social worker that fell
7 below the standard of care or any objective national standard applicable to defendants.
8 Plaintiff has not provided specific facts showing otherwise. Therefore, plaintiff has failed
9 to make a showing sufficient to establish the existence of a duty of care in connection with
10 the delivery of mental health services to Cunningham. We grant summary judgment to
11 defendants on plaintiff's negligence claim regarding the delivery of mental health services,

12 However, plaintiff has established a duty of care with respect to defendants'
13 supervision of Cunningham. Plaintiff cites to ADOC Post Order PO-007-A01, which
14 requires the housing unit floor officer to conduct a "security check" of prisoners at least
15 every 60 minutes. See Doc. 55-1 at ¶ 4.14. A "security check" is defined as "a physical
16 observation of living breathing flesh and insuring the inmate is not in distress." Id. at ¶
17 4.14.1. Plaintiff alleges that ADOC correction officers failed to conduct security checks for
18 several hours, which allowed Cunningham time to try different means of suicide. We reject
19 defendants' argument that plaintiff's negligence claim regarding the security checks is
20 improper because it was not included in plaintiff's complaint. One of the grounds for
21 negligence alleged in the complaint is defendants' failure to supervise Cunningham. See
22 Complaint ¶¶ 13, 15. Supervision of Cunningham would logically include security checks.
23 Because plaintiff has shown that there are issues of material fact regarding if and when the
24 security checks took place,[2] we deny summary judgment to defendants with respect to
25 defendants' alleged failure to adequately supervise Cunningham.

---

[2] Defendants argue that plaintiff should not be allowed to rely on Dr. Payne because they would be unfairly prejudiced. But the time for making that argument has passed. See Doc. 57 (denying defendants' motion to exclude Dr. Payne's testimony).

- 4 -

### III

**IT IS ORDERED GRANTING IN PART and DENYING IN PART** defendants' motion for summary judgment (doc. 41). Summary judgment is granted on plaintiff's claim that defendants failed to provide Cunningham with adequate health care. Summary judgment is denied on plaintiff's claim that defendants negligently failed to supervise Cunningham.

DATED this 6th day of September, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge